## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC. | ) | |
| 425 Third Street, SW, Suite 800 | ) | |
| Washington, D.C. 20024, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL BUREAU OF | ) | |
| INVESTIGATION | ) | |
| J. Edgar Hoover Building | ) | |
| 935 Pennsylvania Avenue, NW | ) | |
| Washington, DC   20535-0001, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| 950 Pennsylvania Avenue, NW | ) | |
| Washington, DC   20530-0001 | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendants Federal Bureau of Investigation and U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").   As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.       Plaintiff Judicial Watch, Inc. is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street, SW, Suite 800, Washington, DC 20024.   Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law.   In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

4.       Defendant Federal Bureau of Investigation ("FBI") is an agency of the U.S. Government and is headquartered at 935 Pennsylvania Avenue, NW, Washington, DC 20535-0001.   Defendant has possession, custody, and control of records to which Plaintiff seeks access.

5.       Defendant U.S. Department of Justice ("DOJ") is an agency of the U.S. Government and is headquartered at 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.   Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6.       On March 7, 2012, Plaintiff submitted FOIA requests to Defendants FBI and DOJ, by facsimile and certified mail, seeking access to the following public records:

> i.       Any and all records of communications concerning or relating to a February 8, 2012 meeting between FBI Director Robert Mueller and various Islamic organizations;
>
> ii.       Any and all records created in preparation for, during, or as a result of the February 8, 2012 meeting between FBI Director Robert Mueller and various Islamic organizations;

      iii.     Any and all records of communications between the Office of the Attorney General and the following entities concerning or relating to the FBI's curricula on Islam:  (a) the White House; (b) the Executive Office of the President; (c) the Federal Bureau of Investigation; (d) the Council for American Islamic Relations; (e) the National Iranian American Council; (f) the Muslim Brotherhood; (g) the Islamic Nahda of Tunisia; (h) the Justice Party of Morroco; and (i) any foreign governments.

      iv.     Any and all records setting criteria or guidelines for FBI curricula on Islam or records identifying potentially offensive material within the FBI curricula on Islam.

      v.     Any and all records of directives to recall and withdraw FBI presentations and curricula on Islam.

7.     Defendant FBI acknowledged receipt of Plaintiff's FOIA request on March 20, 2012 and assigned the request control No. 1185745-000.

8.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant FBI was required to determine whether to comply with Plaintiff's request within twenty (20) working days after receipt of the request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.   Because Plaintiff sent its FOIA request to the service center designated by Defendant FBI to receive such requests, this twenty (20) working day time period did not commence until ten (10) working days after Defendant's FBI's receipt of the request on March 20, 2012, pursuant to 5 U.S.C. § 552(a)(6)(A).   Accordingly, Defendant FBI's determination was due by May 1, 2012 at the latest.

9.     By letter dated April 2, 2012, Defendant DOJ acknowledged receipt of Plaintiff's FOIA request on March 14, 2012 and assigned the request control No. AG/12-00578 (F).

10.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant DOJ was required to determine whether to comply with Plaintiff's request within twenty (20) working days after receipt of the request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right

to appeal any adverse determination.   Accordingly, Defendant's determination was due by April 11, 2012 at the latest.

11.     As of the date of this Complaint, Defendants have failed to: (i) determine whether to comply with Plaintiff's request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

12.     Because Defendants have failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its requests, pursuant to 5 U.S.C. § 552(a)(6)(C).

## <u>COUNT 1</u>
### (Violation of FOIA, 5 U.S.C. § 552)

13.     Plaintiff realleges paragraphs 1 through 12 as if fully stated herein.

14.     Defendants are unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

15.     Plaintiff is being irreparably harmed by reason of Defendants' unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to conform their conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendants to conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendants from continuing to withhold

any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an

award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to

5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and

proper.

Dated:   July 18, 2012                                    Respectfully submitted,

                                                          JUDICIAL WATCH, INC.

                                                          /s/ Paul J. Orfanedes
                                                          D.C. Bar No. 429716
                                                          425 Third Street, S.W., Suite 800
                                                          Washington, DC 20024
                                                          (202) 646-5172

                                                          *Attorneys for Plaintiff*